UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KEVIN G. CHESNEY and LORRAINE CHESNEY,

                        MEMORANDUM OPINION

                Plaintiffs,                        and ORDER

        -against-                                CV 05-5106 (DRH) (ETB)

VALLEY STREAM UNION FREE SCHOOL
DISTRICT NO. 24, et al.,
                Defendants.
----------------------------------------------------------------------X

       This is fundamentally[1] an employment discrimination action arising from the termination of the plaintiff, Kevin G. Chesney ("Chesney"), who was employed as a school cleaner by the defendant, Valley Stream Union Free School District, during a nine-month period in 2003-04. Chesney claims that he was unlawfully terminated while out-of-work on Worker's Compensation as a result of an on-the-job injury alleged to have occurred on May 17, 2004. The complaint also names as party defendants the District Board of Education and each individual member in his or her individual and official capacity; the Superintendent of Schools, Edward M. Fale, Ph.D.; the Principal, Lisa K. Conte; Charles Broceaur, Maintenance Supervisor; Stephen Haramif, Custodian and Union Representative; Local 74 "SEIU"; Local 74 "SEIU"; John Does and Jane Does A through D; and lastly, the Nassau County Division of the Civil Service

---

[1] This action was removed from the state court and purports to assert causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1981, 1983 and 1985, the Family Medical Leave Act ("FMLA"), Title VII, the collective bargaining agreement between plaintiff's civil service union and the defendant school district, the N.Y.S. Human Rights Law § 296, the N.Y.S. Fair Dismissal Law, the Equal Protection Clause of the 14th Amendment (and the comparable provision in the New York State Constitution), the N.Y.S. Freedom of Information Law ("FOIL"), in addition to actions for libel, slander, malicious prosecution, abuse of process, negligent hiring and retention of employees and negligent infliction of emotional distress.

-1-

Commission of the State of New York. The complaint also identifies Chesney's spouse as a co-plaintiff.

On the merits, the District's defense here is a simple one, i.e., surveillance conducted during the period that plaintiff was out on Worker's Compensation allegedly established that Chesney continued to work his second job as a taxi cab driver during the time that he was supposed to be working for the District.

The defendants, Valley Stream Union Free School District and Board of Education and District employees, as well as the Service Employees International Union ("SEIU") Local 74, request that this court issue a stay of discovery, pursuant to Rule 26(c), Fed. R. Civ. P., pending the outcome of a pending motion to dismiss the complaint, pursuant to Rule 12, Fed. R. Civ. P. The plaintiffs offer no opposition.

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown." In re Currency Conversion Fee Antitrust Litigation, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); Moore v. Painewebber, Inc., No. 96 Civ. 6820, 1997 WL 12805, at * 1 (S.D.N.Y. Jan. 14, 1997). It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay. In re Currency Conversion Fee, No. MDL 1409, M21-95, 2002 WL 88278, at *1; County of Nassau, 188 F.R.D. at 188; Moore, 1997 WL 12805, at * 1. Rather, good cause "'requires a showing of facts militating in favor of the stay.'" In re Currency Conversion Fee, 2002 WL 88278, at *1 (quoting American Booksellers Ass'n v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y.

Feb. 22, 1995)). Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. In re Currency Conversion Fee, 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

I have reviewed the underlying motions and briefs filed on behalf of the movants and on behalf of the plaintiffs in opposition. The movants raise substantial issues with regard to many, if not all, of the causes of action alleged in the complaint. I will discuss a few that involve the more glaring legal deficiencies claimed here.

With respect to the causes of action under Title VII and the ADA, the defendants assert that no prior complaint was filed by Chesney with the EEOC or the State Human Rights Commission. Shah v. N.Y.S. Dept. of Civil Service, 168 F.3d 610, 613 (2d Cir. 1999) (stating that a Title VII claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter) (citing 42 U.S.C. §§ 2000e-5(e) and (f)); Sherlock v. Wal-Mart Store #2156, No. 04 CV 1180, 2005 WL 1027532, at *2 (E.D.N.Y. May 2, 2005) (stating that ADA claims are subject to the same exhaustion requirement as Title VII claims) (citing 42 U.S.C. § 12117(a)). Chesney does not rely on any prior filing and implicitly acknowledges the absence of a right to sue letter, while contending that such a prior filing or right to sue letter is necessary.

Another bright line issue alleged by the defendants is the failure of Chesney to file a notice of claim, pursuant to N.Y.S. General Municipal Law §§ 50-e and 50i(1)(a), and N.Y.S. Education Law § 3813.  See Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (holding that in federal court, state notice-of-claim statutes apply to state law claims).

In addition, there are substantial claims made that the allegations fail to adequately set forth even minimal facts to support a cause of action against the named individual defendants, as well as several of the federal and state causes of action, including those causes alleged under Sections 1981,1983 and 1985.

Substantial issues are also raised with respect to the malicious prosecution cause, which relates to an underlying criminal action, which, of course, is absent here.  Similarly, there is a substantial issue with respect to whether any legal process was issued here which would serve as the necessary underlying "process" for an abuse of process action.

A substantial issue exists with respect to Chesney's Fair Dismissal action, which statute, N.Y.S. Education Law § 3031, on its face, applies to untenured probationary teachers, rather than to custodial personnel.  N.Y.S. Education Law § 3012.

Lastly, the defendants assert that the individual Board Members, named in the First Amended Complaint, were never served in this action, and that there is no cause of action alleged as to the co-plaintiff spouse.

At this point, there are some sixteen (16) entities or individuals named in the complaint, and the complaint purports to set forth more than twenty (20) distinct federal and state causes of action.  To set a discovery schedule and require all of the named defendants, institutional and individual, to participate would, in my opinion, be unreasonable and inappropriate under the

circumstances presented here. Several of the defendants are municipal entities who provide public services in the areas of public education and civil service employment. Compliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary in this action. Even in the event that only some of the causes are dismissed - and some but not all of the defendants are dismissed from this action - by staying discovery now it will serve to substantially reduce the economic burden of full party discovery. By waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated, as to certain named defendants here. There is no claim that the plaintiffs will be prejudiced by issuance of a stay of discovery. In fact, as noted above, there is no opposition filed by the plaintiffs to this application.

For all the foregoing reasons, pursuant to Rule 26(c), all discovery is stayed pending the outcome of the pending motion to dismiss, pursuant to Rule 12(c), Fed. R. Civ. P.

SO ORDERED:

Dated: Central Islip, New York
       March 28, 2006

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge