UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KEVIN CHESNEY and LORRAINE CHESNEY,

                Plaintiffs,

      - against -

VALLEY STREAM UNION FREE SCHOOL
DISTRICT NO. 24; VALLEY STREAM UNION
FREE SCHOOL DISTRICT NO. 24 BOARD OF
EDUCATION; JOSEPH CONRAD, President;
CAROLE MEANEY, Vice President;
HENRIETTA CARBONARO, PAUL DePACE,
ANTHONY IADEVAIO, FRANK NUARA,
and LAWRENCE TROGEL; each in his individual
and official capacity; EDWARD M. FALE, Ph.D.,
SUPERINTENDENT OF SCHOOLS, in his
individual and official capacity; LISA K.
CONTE, PRINCIPAL; CHARLES
BROCEAUR, MAINTENANCE
SUPERVISOR, in his individual and official
capacity; STEPHEN HARAMIS, CUSTODIAN
AND UNION REPRESENTATIVE, in his
individual and official capacity; LOCAL 74
SEIU; "JOHN DOES and JANE DOES A through
D", the latter being persons and/or entities
unknown to complainant, and the NASSAU
COUNTY DIVISION of the CIVIL SERVICE
COMMISSION OF NEW YORK STATE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
05 Civ. 5106 (DRH) (ETB)

**APPEARANCES :**

**RUTH M. POLLACK, ESQ.**
Attorney for Plaintiffs
250 Old Country Road, Suite 506
Mineola, NY 11501

**LORNA B. GOODMAN**
Attorneys for Defendant Nassau County Civil Service Commissionr; and Stephen Haramis
One West Street
Mineola, NY 11501
By: Mary Neggie, Esq. & Veronica M. Boland, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs Kevin Chesney ("Plaintiff" or "Chesney") and Lorraine Chesney[1] brought the present suit against Valley Stream Union Free School District No. 24; Valley Stream Union Free School District No. 24 Board of Education; Joseph Conrad; Carole Meaney; Henrietta Carbonaro; Paul DePace; Anthony Iadevaio; Frank Nuara; Lawrence Trogel; Edward M. Fale; Lisa K. Conte; Charles Broceaur; Stephen Haramis (hereinafter, collectively, "District Defendants"); Local 74 Service Employee International Union ("Local 74"); "John Does and Janes Does A through D"; and the Nassau County Civil Service Commission (the "Commission") in the Supreme Court of the State of New York County of Nassau alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166; the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12131 *et seq*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1983 and 1985; the Equal Protection Clause of the Fourteenth Amendment; the "Eighth Amendment right to confront his accusers"; and six state law claims. Presently before the Court is the motion of the Commission to dismiss the amended complaint. Plaintiff has not opposed the motion. For the reasons set forth herein, the Court GRANTS the motion.

---

[1]Although named as a plaintiff, Lorraine Chesney, Plaintiff's wife, asserts no claims and seeks no relief.

## BACKGROUND

The following summary of facts is drawn from the amended complaint. Plaintiff resides in Valley Stream, New York, with his wife, Lorraine Chesney. Valley Stream Union Free School District ("District") is a municipal corporation for public education that receives state and federal funding and has its administrative offices in Valley Stream, New York. The District's Board of Education ("Board") was comprised of Joseph Conrad, President; Carole Meaney, Vice President; Henrietta Carbonaro, Paul DePace, Anthony Iadevaio, Frank Nuara, and Lawrence Trogel at the times relevant to the present dispute. Joan DeBell was the District Clerk; Andrea DiFusco was the District Treasurer; and Edward M. Fale, Ph.D., was the Superintendent of Schools for the District; Lisa K. Conte was the Principal of District No. 24. Defendant Local 74, with its principle offices in Long Island City, New York, had a collective bargaining agreement with the District. Chesney was a member of Local 74. The Commission, located in Hempstead, New York, was "united in interest with the New York State Civil Service Commission." (*Id*. ¶ 10.) Such is Plaintiff's description of the various defendants in this dispute.

Plaintiff worked for the District from October 3, 2003, to May 17, 2004, as an "able-bodied man." (*Id*. ¶ 13.) On March 18, 2004, the Board approved Plaintiff's permanent appointment as a "cleaner" at the Robert W. Carbonaro School, effective April 5, 2004. This approval conferred upon Plaintiff the designation of a "permanent" civil service employee. The appointment was the result of the successful completion of Plaintiff's probationary appointment.

On May 17, 2004, Chesney was "breaking down" the gym, which had been the location of a school event the night before. While he was performing this task, he felt a "pop" in his back, and could "barely get out of bed the following day." (*Id.* ¶¶ 22, 23.) "Nevertheless, plaintiff Chesney traveled to the District and duly filed an accident report in accordance with District policy." (*Id.* ¶ 24.) Plaintiff missed several days of work due to the injury, and "learned he had a herniated disc, which was causally related to the accident of May 17, 2004." (*Id.* ¶ 26.) Plaintiff submitted a Worker's Compensation claim on May 25, 2004, and he did not return to his job "for a period of time." (*Id.* ¶ 29.) At this point, the amended complaint is somewhat vague and difficult to follow. It appears that Plaintiff did return to work shortly thereafter, but "[o]n or about June 9, 2004, he left work early and did not return at that time due to his disability." (*Id.* ¶ 31.)

On June 11, 2004, Defendant Haramis, "plaintiff's co-worker and shop steward contacted Superintendent Fale to ascertain whether or not Plaintiff was driving a cab on June 11, 2004." (*Id.* ¶ 49.) The District and Superintendent Fale instructed Defendant Broceaur, Supervisor of Maintenance, to "initiate an 'investigation' of Chesney's second job as a taxi driver." (*Id.* ¶ 50.) Upon confirming that Plaintiff was indeed employed and working as a taxi driver, while he was receiving Worker's Compensation benefits, Superintendent Fale held a meeting with a union representative, a co-worker, Principal Conte, and Plaintiff. Superintendent Fale said to Plaintiff:

> You were seen driving a cab at about 6:30 p.m. on June 11; you cannot be employed or receive any income while receiving workers' compensation benefits; that is insurance fraud, working your second job and being out sick while I'm paying for overtime is theft of services. We are terminating you, but if you resign right now, you will leave with a good recommendation, clean record, and I will allow you to pursue your compensation claim.

(*Id.* ¶ 58.) Plaintiff was terminated shortly thereafter.

Without filing an EEOC complaint, an action with any corresponding state agency, or a notice of claim, Plaintiff commenced a lawsuit asserting fourteen causes of action, and seeking $26,000,000.00 for "pain and suffering, inability to obtain critical surgery, and damages as yet undetermined." (*Id.* ¶ 64.) The suit was filed in the Supreme Court of the State of New York, County of Nassau on June 12, 2005. District Defendants subsequently removed the suit to this court on November 1, 2005, on the basis of federal question jurisdiction. Plaintiff filed an amended complaint with this Court on December 8, 2005.

By Memorandum and Order dated September 22, 2006 (the "September Memorandum"), the Court dismissed all claims against Defendant Local 74 and dismissed all claims, except for the COBRA claim, against the District Defendants.

## ***STANDARD***

The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir. 2006). Nonetheless, "a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron v. Morgan Stanley Investment Advisors Inc.,* 464 F.3d 338, 344 (2d Cir. 2006).

In construing a complaint on a Rule 12(b)(6) motion, the Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

## *DISCUSSION*

### I. The First, Second, Third, Fourth, Seventh, Ninth and Eleventh Causes of Action Assert No Claims Against the Commission

Fourteen claims are asserted in the amended complaint. None of these fourteen claims mention the Commission specifically. Seven of the claims, to wit: the fifth, sixth, eighth, tenth, twelfth, thirteenth and fourteenth causes of action use the catch-all phrase "Defendants." The remaining seven claims, to wit: the first, second, third, fourth, seventh, ninth and eleventh causes of action, mention specific defendants other than the Commission and do not use the phrase "defendants." These latter causes of action do not implicate, even remotely, the Commission. Even under the most liberal reading of the amended complaint, these latter causes of action cannot be said to be asserted against the Commission. It is therefore unnecessary to address them on this motion and the Court turns to the other asserted claims. The Court will address these claims ad seriatem, although not necessarily in numerical order.

## II. The Fifth Cause of Action is Dismissed.

The fifth cause of action asserts that the "defendants" have violated the Americans with Disabilities Act. The claim must be dismissed as against the Commission.

First, the claim is subject to dismissal as the amended complaint fails to allege even a single act on the part of the Commission. Second, as set forth in the September Memorandum (*see* pps. 8-9), this claim must be dismissed as there is no assertion that Plaintiff filed a complaint with the EEOC or an authorized state agency and received a right to sue letter. *See Tenney v. Essex County/Horace NYE Home,* 2006 WL 126766 at *6 (N.D.N.Y. Jan. 17, 2006); *cf. Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court.").

## III. The Breach of Contract Claim is Dismissed

In the sixth cause of action, Plaintiff asserts that the "Defendants" breached the Agreement with Local 74 and plaintiff "by terminating and discriminating against him." There is however, no allegation that the Commission is a party to the Agreement. Nor are there any factual allegations in the amended complaint describing how the Commission participated in Plaintiff's termination or of any discriminatory acts committed by the Commission. As the Second Circuit has stated "A plaintiff must allege, as the Supreme Court has held, those facts *necessary* to a finding of liability." *Amron v. Morgan Stanley Investment Advisors, Inc.,* 464 F.3d 338, 334 (emphasis in original) (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S.

336, 346-67 (2005). Such factual allegations are conspicuously absent here. Accordingly, the sixth cause of action is dismissed as against the Commission.

### IV. *The Nassau County Human Rights Law Does Not Provide for a Private Cause of Action*

In his eighth cause of action, Plaintiff asserts that *"*Defendants" violated the "Nassau County Human Rights Law, which prohibits discrimination on the basis of disability, actual or perceived in employment." (Amended complaint ¶ 76). Again, the complaint is devoid of any factual allegations to support this claim against the Commission and on that basis alone is subject to dismissal. Additionally, as set forth in the September Memorandum (*see* p. 19), there is no private cause of action under the Nassau County Human Rights Law.

### V. *No Equal Protection Claim is Stated*

The requirement in the Fourteenth Amendment that no State shall "deny to any person within its jurisdiction the equal protection of the laws" means that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In addition to showing "selective adverse treatment of individuals compared with other similarly situated individuals," *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005), a plaintiff in establishing an equal protection claim must show that the "selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Id*. (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). "[A] successful equal protection claim may be 'brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003) (quoting *Village of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has failed to allege that he was treated differently than any similarly-situated individuals; he has entirely failed to even mention similarly-situated individuals. Accordingly, Plaintiff has failed to allege any facts that could form the basis of an Equal Protection claim and, therefore, his Equal Protection claim (the tenth cause of action) must fail.

## *VI. The Section 1983 Claim is Dismissed.*

As the thirteenth cause of action, Plaintiff brings a claim of "discrimination" pursuant to § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *See* § 1983; *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Here, Plaintiff simply alleges that "Defendants" deprived him of his "civil rights" and "benefits as conferred upon him by contract." (Am. Compl. ¶ 90.) These vague terms do not indicate what, if any, acts taken by the Commission deprived Plaintiff of a federal right(s) and therefore fail to state a claim. *See Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir. 1987) (To state a § 1983 claim, "a complaint must contain specific allegations of fact, which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."); *cf. Rhodes v.*

*Alexander Central School Dist.*, No. 05 Civ. 431S, 2006 WL 232722, at *2 (W.D.N.Y. Jan. 30, 2006) (dismissing a § 1983 claim pursuant to *Swierkiwicz* because "nowhere in the Complaint is there a reference to or identification of any federal statutes or constitutional provisions").

## VII.     *The State Law Claims Are Dismissed for Failure to File a Notice of Claim*

The twelfth cause of action alleges libel and slander. The fourteenth cause of action contains a multitude of state law claims. All of these claims are barred due to Plaintiff's failure to file a notice of claim against the Commission.

As a condition precedent to commencing a tort action against New York municipalities, or any of their officers, agents, or employees, New York General Municipal Law §§ 50-i and 50-e require that a plaintiff must serve the notice of claim within ninety (90) days after the claim arises. *See* N.Y. Gen. Mun. L. § 50-e(1)(a). The notice must specify (1) the name and address of each claimant and his or her attorney; (2) the nature of the claim; (3) the time and the place of the incident; and (4) the injuries or damages claimed. *See id.* § 50-e(2). Moreover, a Plaintiff is required to plead that a notice of claim has been served. *Hardy v. New York City Health & Hosp. Corp.,* 164 F.3d 789, 793 (2d Cir. 1999). Notice of claim requirements are generally strictly construed, and failure to comply with the requirements typically results in dismissal due to failure to state a cause of action. *Id.* at 793-94. The amended complaint fails to allege that Plaintiff served a notice of claim on the Commission. Accordingly, the state law claims asserted in the twelfth and fourteenth causes of action are dismissed against the Commission.

## *CONCLUSION*

For the reasons set forth above, the Commission's motion to dismiss the amended complaint as against it is granted.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
April 30, 2007  Denis R. Hurley
United States Senior District Judge