UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN CHESNEY and LORRAINE CHESNEY,

                Plaintiffs,

       - against -

VALLEY STREAM UNION FREE SCHOOL
DISTRICT NO. 24; VALLEY STREAM UNION
FREE SCHOOL DISTRICT NO. 24 BOARD OF
EDUCATION; JOSEPH CONRAD, President;
CAROLE MEANEY, Vice President;
HENRIETTA CARBONARO, PAUL DePACE,
ANTHONY IADEVAIO, FRANK NUARA,
and LAWRENCE TROGEL; each in his individual
and official capacity; EDWARD M. FALE, Ph.D.,
SUPERINTENDENT OF SCHOOLS, in his
 individual and official capacity; LISA K.
CONTE, PRINCIPAL; CHARLES
BROCEAUR, MAINTENANCE
SUPERVISOR, in his individual and official
capacity; STEPHEN HARAMIS, CUSTODIAN
AND UNION REPRESENTATIVE, in his
individual and official capacity; LOCAL 74
SEIU; "JOHN DOES and JANE DOES A through
D", the latter being persons and/or entities
unknown to complainant, and the NASSAU
COUNTY DIVISION of the CIVIL SERVICE
COMMISSION OF NEW YORK STATE,

                Defendants.
----------------------------------X

**MEMORANDUM** & **ORDER**
05 Civ. 5106 (DRH) (ETB)

**APPEARANCES:**

**Ruth M. Pollack, Esq.**[1]
Attorney for Plaintiffs
21 West Second Street
P. O. Box 120
Riverhead, New York 11901

---

[1] Ms. Pollack was counsel of record for Plaintiffs at the time the instant motion was briefed and submitted. Currently, Plaintiffs are proceeding pro se.

**Lamb & Barnosky, LLP**
Attorneys for Defendants Valley Stream Union Free Sch. Dist. No. 24, Valley Stream Union Free School Dist. No. 24 Board of Education, Joseph Conrad, Carole Meaney, Henrieta Carbonaro, Paul Depace, Anthony Iadevaio, Frank Nuara, Lawrence Trogel, Edward M. Fale, Lisa K. Conte, Charles Broceaur and Stephen Haramis
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747
By: Michelle S. Feldman, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs Kevin Chesney ("Plaintiff or "Chesney") and Lorraine Chesney brought the present suit against Valley Stream Union Free School District No. 24 (the "District"); Valley Stream Union Free School District No. 24 Board of Education; Joseph Conrad; Carole Meaney; Henrietta Carbonaro; Paul DePace; Anthony Iadevaio; Frank Nuara; Lawrence Trogel; Edward M. Fale; Lisa K. Conte; Charles Broceaur; Stephen Haramis (hereinafter, collectively, "District Defendants"); Local 74 Service Employee International Union ("Local 74"); "John Does and Janes Does A through D"; and the Nassau County Civil Service Commission (the Commission") in the Supreme Court of the State of New York County of Nassau alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166; the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12131 *et seq*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1983 and 1985; the Equal Protection clause of the Fourteenth Amendment; the "Eighth Amendment right to confront his accusers"; and six state law claims. The action was removed to this Court.

Currently before the Court is the District Defendants' motion for summary judgment on the Plaintiff's COBRA claim. For the reasons set forth herein, the Defendants' motion is granted.

**Factual and Procedural Background**

Subsequent to the removal of the action from state court, the District Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b) (4), (5), and (6). Defendant Local 74 moved separately to dismiss the Amended Complaint pursuant to Rule 12(c).

By Memorandum & Order dated September 22, 2006, the Court (1) dismissed all claims against Defendant Local 74 and (2) granted the District Defendants' motion to dismiss the claims against them with the exception of Plaintiff's COBRA claim.

Thereafter, the Commission moved to dismiss the Amended Complaint as to the claims asserted against it. By Memorandum & Order dated April 30, 2007, the Commission's motion was granted.

As a result of Court's decisions set forth above, the lone surviving claim is Plaintiff's COBRA claim against District Defendants. The following facts relevant to said claim are undisputed unless otherwise noted:

The District employed Plaintiff as a cleaner from October 6, 2003 until June 30, 2004. For purposes of the continuation of coverage notices required by COBRA , the District was both Plaintiff's employer and the plan administrator. There is no dispute that Plaintiff's employment with the District ended on June 30, 2004. Plaintiff does claim , however, that the termination of his employment was "illegal."

During the relevant period, Anne Luzzi ("Luzzi") was the District employee responsible for sending Cobra notices to District Employees. According to Luzzi, on or about June 28, 2004, she was notified by the Superintendent's office that Plaintiff's employment with the District would be ending on June 30, 2004. She immediately prepared and mailed a COBRA continuation notice to Plaintiff. Luzzi avers that had the notice been returned by the Postal Service it would have been directed to her; however, neither she, nor, to her knowledge, anyone else at the District, received it back.

On July 22, 2004, at the Superintendent's request she prepared a second COBRA continuation notice and caused it to be mailed to Plaintiff. This second notice was identical to the first except that the second notice had Plaintiff's name written on the top and it contained an error in the termination date, reciting it as "6/3/04" rather than "6/30/04." According to the Superintendent, he asked Luzzi to prepare this second notice because on July 21, 2004, he received a letter from Plaintiff, dated July 19, 2004. which stated:

> As you are aware, I was unjustly discharged from my position as a Custodian Cleaner for the District. Both my wife and I were covered under the District's medical plan. I am aware that Local 74 has filed a grievance relative to my termination of employment. In the interim until the arbitration, I would request that the District continue my medical insurance coverage. In the alternative, if you chose not to do so I would seek eligibility for coverage under the Consolidated Omnibus Reconciliation Act (COBRA). I need coverage for both my wife and I.
> Furthermore, if you chose not to do either of the above I require a letter from the District stating that I am no longer eligible for medical coverage so that I may seek coverage elsewhere. I would require this letter immediately be sent to my home address listed above.

(Def.s' Ex. H.)

According to Luzzi, on July 26, 2004 she received a phone call from Lorraine Chesney asking her to prepare a letter confirming that neither she nor Plaintiff were covered under the District's health insurance plan, so that she could pick up coverage through her employer and obtain coverage for Plaintiff under that plan. Luzzi prepared such a letter that same day and faxed it to Lorraine Chesney at the fax number she had provided to Luzzi.

In opposing Defendants' motion, Plaintiff denies having ever received the first Cobra notice and asserts that his "Exhibit 'L' is a true and complete copy of the **original and ONLY** Cobra form . . . sent by Luzzi to plaintiff." (Pl.'s Rule 56.1 Statement at ¶ 25 (emphasis in original).) The Court notes, however, that Exhibit L contains more than one notice. There is what appears to be an original and a copy of the notice with the "6/3/04" termination date, as well as a copy of the notice with the 6/30/04 termination date.

Plaintiff's opposition to Defendants' motion contains numerous assertions challenging the lawfulness of his treatment by the District and his termination. None of these assertions, however, are material to the issue at hand.

## Discussion

**I. Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if

testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587).

In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). That being said, it is well-established that a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or

the allegations in its pleadings. *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also* Fed. R. Civ. P. 56(e).

**II. Defendants' Motion for Summary Judgment is Granted.**

COBRA provides employees who have employment related group health insurance coverage the opportunity to elect continuation of coverage under the plan in the event of a qualifying event, which includes the termination of employment. 29 U.S.C. § 1161; *Hubicki v. Amtrak Nat'l Passenger Railroad Co.*, 808 F. Supp. 192, 196 (E.D.N.Y. 1992). COBRA simply requires that employers notify outgoing employees of their right to elect COBRA coverage; it does not obligate employers to pay premiums for any coverage that an employee elects. Terminated and otherwise departing employees must pay their own premiums. *See Local 217, Hotel & Restaurant Emp. Union v. MHM, Inc.,* 976 F.2d 805, 809 (2d Cir.1992); *Lafauci v. St. John's Riverside Hosp.,* 381 F. Supp. 2d 329, 332 (S.D.N.Y.2005).

COBRA requires that an employer must notify the plan administrator of the termination within 30 days of the termination and the plan administrator then has 14 days to provide the COBRA notice to the terminated employee. The terminated employee then has 60 days from the date of termination of employment or the date of notice, whichever is later, to elect to continue coverage. 29 U.S.C. § 1166. "An employer or plan administrator who sends proper notice to the covered employee's last know address is deemed to be in good faith compliance with COBRA's notification requirements." *Hubicki*, 808 F. Supp. at 196.

Here, there is no question that the District complied with COBRA's notification requirement. The first notice was timely mailed to Plaintiff at his last know address on June 28, 2004. There is no claim by Plaintiff that the address was incorrect or the notice was not mailed

in accordance with the District's standard procedure. Under such circumstances, Defendant is entitled to a presumption of proper mailing and the denial of receipt, without more, is insufficient to rebut that presumption. *See Akey v. Clinton County, New York*, 375 F.3d 231, 235 (2d Cir. 2004); *Ramos v. SEUI Local 74 Welfare Fund*, 2002 WL 519731, *5 (S.D.N.Y. Apr. 5, 2002.). In any event "COBRA does not require actual receipt of notification by the plan participant; to the contrary only a good faith attempt to notify is required." *Id.* at * 5 (citing *DeGruise v. Sprint Corp.*, 279 F.3d 333, 337 (5th Cir. 2002); *Hubicki*, 808 F. Supp. at 196). Moreover, in response to Plaintiff's letter of July 19, 2004 specifically referencing his COBRA rights, a second notice was sent, receipt of which Plaintiff acknowledges. That the second notice contained an error in Plaintiff's termination date is of no moment given Plaintiff's decision in July not to seek COBRA benefits but rather to secure coverage through his wife's employer.

Plaintiff maintains that Defendants' motion should be denied because he entitled to discovery. In support of this claim an affidavit of counsel has been submitted which asserts that:

> Plaintiff's inability to conduct discovery prevents him from fully challenging by affidavit several of Defendants assertions, such as:
> - Whether Defendants defame the Plaintiff;
> - Whether Defendants violated plaintiff's rights under the American's with Disabilities Act (ADA) and its New York counterpart; his FMLA rights; the Rehabilitation Act, still hampered due to the fraud outlined in plaintiff's papers and his complaint;
> - Whether defendants and the Union (which will be the subject of a separate letter) violated plaintiff's due process, grievance and other federal or state constitutional rights; and
> - Whether defendants, including the Union did conspire with others to violate Plaintiff's rights as a disabled worker.

(Aff. of Counsel Pursuant to Fed. R. Civ. P. 56(f) at ¶6.)

"To oppose summary judgment under Rule 56(f), a party must file an affidavit explaining '(1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful.'" *Ruotolo v. Department of Justice,* 53 F.3d 4, 11 (2d Cir. 1995) (quoting *Sage Realty Corp. v. Insurance Co. of N. Am.,* 34 F.3d 124, 128 (2d Cir.1994)). Here the problem is that the information sought is not relevant to Plaintiff's COBRA plan. Moreover, no description of the efforts made to obtain the information and why those efforts were unsuccessful is set forth.[2] Accordingly, Plaintiff's Rule 56(f) affidavit provides no reason for denial of the instant motion.

One additional issue needs to be addressed. In Plaintiff's Memorandum of Law the assertion is made that "a separate notice must be provided to the spouse as a qualified beneficiary not just the covered employee." Pl.'s Mem at p. 3. Even if such a separate notice is required, and it is not clear to this Court that it is, there is no COBRA claim in the First Amended complaint by Plaintiff's spouse, Lorraine Chesney. The cause of action denoted "COBRA violation" asserts only that the "District and Board failed to provide [Kevin] Chesney with COBRA materials . . . ." (First Amended Complaint at p. 6 ¶ 46.) Additionally, Plaintiff has not offered any evidence that in fact his spouse was a covered beneficiary.

Defendants' motion for summary judgment on Plaintiff's COBRA claim is granted.

---

[2] Indeed, the Court notes that the scheduling orders in this case required the completion of discovery by October 15, 2007 (*see* endorsed docket order dated July 18, 2007) and that Magistrate Judge Boyle certified discovery as complete as of October 16, 2007 with the exception of certain discovery owed to Defendants (*see* docket no. 86).

## Conclusion

For the reasons set forth herein, District Defendants' motion for summary judgment is granted. As noted earlier, the COBRA claim is the only claim remaining in the amended complaint. However, Plaintiff has moved for leave to file a Second Amended Complaint asserting three new causes of action. When that motion was filed, however, certain of the papers served in connection with Plaintiff's motion were not filed with the Court. By Order dated March 31, 2009, the Court directed that the omitted papers be filed. Accordingly, the instant Order on District Defendants' motion for summary judgment shall not take effect until forty-five days from the date hereof, during which period the Court anticipates issuing a decision on Plaintiff's motion.

     **SO ORDERED.**

Dated: Central Islip, N.Y.            /s/
      March 31, 2009            Denis R. Hurley
                                                United States Senior District Judge