

355 POST AVENUE, STE 201  WESTBURY, NEW YORK 11590   PHONE (516) 334-4500   FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

STEVEN C. STERN
SSTERN@SOKOLOFFSTERN.COM

April 13, 2009

**Via ECF and First Class Mail**
Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

          Re:    *Chesney v. Valley Stream Union Free School District No.24*
                Docket No.:  CV-05-5106 (DRH)(ETB)
                File No.:      080061

Your Honor:

      As this Court is aware, we represent defendants in the above-referenced case. I write in response to plaintiff Kevin G. Chesney's March 25, 2009 letter, which is the most recent in a series of inappropriate, counter-productive, accusatory and defamatory rants sent under his signature. I have done nothing but acted professionally in this matter, and certainly have done nothing to warrant the accusations of criminal conduct set forth in the letter and those that preceded it.

      Plaintiff initiated this action, through his attorney, Ruth Pollack, in 2005, against the Valley Stream Union Free School District #24, several of its Board members and employees, plaintiff's union, and the Nassau County Civil Service Commission. After removing the case to this Court, I filed a motion to dismiss on behalf of the Valley Stream UFSD defendants.[1] By Memorandum & Order, dated September 22, 2006, Your Honor granted the motion with respect to all but one cause of action, in which plaintiff asserted a COBRA claim. Plaintiff's counsel, Ruth Pollack, requested multiple extensions of time to move for reconsideration but

---

[1] At that time, I was employed by the law firm of Miranda & Sokoloff, LLP, which subsequently became known as Miranda Sokoloff Sambursky Slone Verveniotis LLP. In November 2008, that law firm split, and this matter was transferred to my new firm, Sokoloff Stern LLP.

SOKOLOFF STERN LLP

Honorable Denis R. Hurley
April 13, 2009
Page 2 of 3

never actually filed the motion.  Plaintiff's counsel also filed an interlocutory appeal, which she never perfected.

The law firm of Lamb & Barnosky then took over the defense of the litigation of the COBRA claim; my firm had no involvement in the litigation of this matter through discovery.  After the close of discovery, we learned that plaintiff sought permission to move to amend the complaint.

By Order dated April 2, 2008, Your Honor granted plaintiff permission to assert certain specific additional causes of action.  Plaintiff, through his attorney, Ruth Pollack, filed the motion to amend, and we were again retained to defend the claims set forth in the proposed amended complaint.  At the same time that we filed opposition to plaintiff's motion to amend the complaint, Lamb & Barnosky filed a motion for summary judgment with respect to the COBRA claim.  The summary judgment motion was granted; we are awaiting the Court's determinations on plaintiff's motion to amend.

I cannot comprehend the basis or derivation of plaintiff's accusations of criminal activity by me or my present or former firm.  I submitted a motion to dismiss, and opposed a motion to amend the complaint on behalf of my clients.  As for the merits of the motion, I rest on the papers that were submitted.

While plaintiff accuses me of a host of "crimes," the only specific action pertaining to me appears to be a reference on my firm's website to this Court's September 22, 2006 decision, in which this Court determined that the complaint failed to state a claim upon which relief may be granted with respect to all but the COBRA claim.  There is nothing inaccurate or misleading about the reference or citation on my website.

Curiously, plaintiff seems to accuse me, my clients, and co-counsel of having something to do with his attorney's suspension.  Ms. Pollack's suspension had nothing to do with this case or any other case in which we have represented adversarial clients.  The basis for her suspension appears to be set forth in a December 31, 2008 decision from Judge Brian M. Cogan, Chairman of the E.D.N.Y. Committee on Grievances, and relates to Ms. Pollack's conduct in the matters of <u>Stuart v. Sec'y of the Interior</u>, No. 99-CV-8163 (JFB) and <u>Schultz v. Tribune Co.</u>, No. 06-CV-4800.  I was not involved in either one of those cases.

The allegations set forth in Mr. Chesney's letter, asserted against both law firms herein, do appear to be similar to the types of allegations wielded by Ms. Pollack in this and other matters.  By letter dated January 15, 2009 (docket entry #109, subsequently stricken from the

SOKOLOFF STERN LLP

Honorable Denis R. Hurley
April 13, 2009
Page 3 of 3

docket because of Ms. Pollack's suspension), she seemingly accused the Court of "false and misleading" docket entries.

    I welcome the opportunity to address with the Court (or any of the entities referenced in Mr. Chesney's letters), any concerns they may be have concerning my actions with respect to this or any other matter.

    Thank you for your consideration herein.

Respectfully submitted,

SOKOLOFF STERN LLP

*[signature]*

STEVEN C. STERN

cc:

VIA ECF
Magistrate Judge E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Kevin G. Chesney
Michelle S. Feldman