UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KEVIN CHESNEY and LORRAINE CHESNEY,

                Plaintiffs,

     - against -

VALLEY STREAM UNION FREE SCHOOL
DISTRICT NO. 24; VALLEY STREAM UNION
FREE SCHOOL DISTRICT NO. 24 BOARD OF
EDUCATION; JOSEPH CONRAD, President;
CAROLE MEANEY, Vice President;
HENRIETTA CARBONARO, PAUL DePACE,
ANTHONY IADEVAIO, FRANK NUARA,
and LAWRENCE TROGEL; each in his individual
and official capacity; EDWARD M. FALE, Ph.D.,
SUPERINTENDENT OF SCHOOLS, in his
individual and official capacity; LISA K.
CONTE, PRINCIPAL; CHARLES
BROCEAUR, MAINTENANCE
SUPERVISOR, in his individual and official
capacity; STEPHEN HARAMIS, CUSTODIAN
AND UNION REPRESENTATIVE, in his
individual and official capacity; LOCAL 74
SEIU; "JOHN DOES and JANE DOES A through
D", the latter being persons and/or entities
unknown to complainant, and the NASSAU
COUNTY DIVISION of the CIVIL SERVICE
COMMISSION OF NEW YORK STATE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
05 Civ. 5106 (DRH) (ETB)

**APPEARANCES:**

**Kevin G. Chesney and Lorraine Chesney**
Plaintiffs Pro Se
31 Ivy Place
Valley Stream, NY 11581

**Sokoloff Stern LLP**
Attorneys for Defendants Valley Stream Union Free Sch. Dist. No. 24, Valley Stream Union Free School Dist. No. 24 Board of Education, Joseph Conrad, Carole Meaney, Henrieta Carbonaro, Paul Depace, Anthony Iadevaio, Frank Nuara, Lawrence Trogel, Edward M. Fale, Lisa K. Conte, Charles Broceaur and Stephen Haramis
355 Post Avenue, Suite 201
Westbury, New York 11590
By: Steven C. Stern, Esq.

**Lamb & Barnosky, LLP**
Attorneys for Defendants Valley Stream Union Free Sch. Dist. No. 24, Valley Stream Union Free School Dist. No. 24 Board of Education, Joseph Conrad, Carole Meaney, Henrieta Carbonaro, Paul Depace, Anthony Iadevaio, Frank Nuara, Lawrence Trogel, Edward M. Fale, Lisa K. Conte, Charles Broceaur and Stephen Haramis
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747
By: Michelle S. Feldman, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is Plaintiff Kevin Chesney's ("Plaintiff")[1] timely letter application dated April 13, 2009 (Docket No. 127). In that application, Plaintiff seeks reconsideration of the Court's Memorandum and Order, dated March 31, 2009, which granted District Defendants' motion for summary judgment on Plaintiff's claim for violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166. The application also seeks the Court's recusal and the vacatur of all orders under Federal Rule of Civil Procedure 60. The application is denied in its entirety.

---

[1] Although named as a plaintiff, Lorraine Chesney, Plaintiff's wife, asserted no claims and sought no relief in either the original or amended complaint. She is not named as a plaintiff in the Proposed Second Amended Complaint submitted in connection with Plaintiff's motion to amend. Nor has she not joined in the application presently before the Court.

## Procedural Background

Kevin Chesney and Lorraine Chesney brought the present suit against Valley Stream Union Free School District No. 24 (the "District"); Valley Stream Union Free School District No. 24 Board of Education; Joseph Conrad; Carole Meaney; Henrietta Carbonaro; Paul DePace; Anthony Iadevaio; Frank Nuara; Lawrence Trogel; Edward M. Fale; Lisa K. Conte; Charles Broceaur; Stephen Haramis (hereinafter, collectively, "District Defendants"); Local 74 Service Employee International Union ("Local 74"); "John Does and Janes Does A through D"; and the Nassau County Civil Service Commission (the "Commission") in the Supreme Court of the State of New York County of Nassau alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166; the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12131 *et seq*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1983 and 1985; the Equal Protection clause of the Fourteenth Amendment; the "Eighth Amendment right to confront his accusers"; and six state law claims. The action was removed to this Court in November 2005.

Subsequent to the removal of the action from state court, the District Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b) (4), (5), and (6). Defendant Local 74 moved separately to dismiss the Amended Complaint pursuant to Rule 12(c).

By Memorandum and Order dated September 22, 2006, the Court (1) dismissed all claims against Defendant Local 74 and (2) granted the District Defendants' motion to dismiss the claims against them with the exception of Plaintiff's COBRA claim.

Thereafter, the Commission moved to dismiss the Amended Complaint as to the claims asserted against it. By Memorandum and Order dated April 30, 2007, the Commission's motion was granted.

As a result of the two decisions set forth above, the lone surviving claim was Plaintiff's COBRA claim against District Defendants.

On October 29, 2006, Plaintiff moved for an extension of time until November 8, 2006 to move for reconsideration of the Court's September 22, 2006 Decision. The application was granted. No motion for reconsideration was filed. Rather, on November 12, 2006, Plaintiff's counsel filed an "affirmation of actual engagement." In that affirmation, counsel stated she would be on trial and therefore unavailable to move to amend the complaint, move for reconsideration, or to proceed with discovery in this case "until further notice" and requested that "all activity' in this case be temporarily stayed pending counsel's availability. On November 13, 2006 the Court denied a further extension of time to move for reconsideration and denied the request for a stay of these proceedings.

By application dated February 13, 2008, Plaintiff sought permission to file a motion for leave to serve his proposed Second Amended Complaint. The Court addressed that application in an Order dated April 2, 2008 ( the "2008 Order"). In its Order the Court noted that, in fact, the application sought two forms of relief, to wit (1) reconsideration of the September 22, 2006 Memorandum and Order, and (2) leave to amend the complaint to add three new causes of action. The Court denied the motion for reconsideration as untimely and because Plaintiff could not meet the strict standard for reconsideration. The Court granted Plaintiff leave to move to serve the Proposed Amended Second Complaint with respect to three new causes of action

proferred by Plaintiff, to wit (1) "fraud and record tampering;" (2) violations of the "ADA of 1990 and its New York counterpart;" and (3) violations of Section 504 of the Rehabilitation Act of 1973, as amended, and set a briefing schedule therefor. (*See* 2008 Order at 5-6.)

Pursuant to the briefing schedule, as amended, motion papers were filed on August 4, 2008. Thereafter, the Court discovered that Plaintiff's moving papers were absent from the motion papers filed electronically on August 4, 2008. Which is to say, only the opposition and reply papers were filed. Pursuant to the Court's direction, the moving papers for Plaintiff's motion were filed by counsel for Defendants on March 31, 2009. At the time of the Court's direction, Plaintiff was proceeding pro se and therefore the Court, by ECF order, directed that the missing moving papers be filed by Defendants. By letter dated April 1, 2009, Plaintiff informed the Court that the papers filed by Defendant were incomplete and provided copies of the documents omitted. (See Docket No. 123.)

By Memorandum and Order dated March 31, 2009 and entered on April 3, 2009, the Court granted the District Defendant's motion for summary judgment. However, the Court directed that the Order on the motion for summary judgment not take effect until forty-five days from the date thereof to allow for a decision on the motion to amend.

## Discussion

**I.      The Motion for Reconsideration of the Court's March 31, 2009 Summary Judgment Order is Denied**

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.*, 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007).

With the above principles in mind, attention is now turned to the basis for Plaintiff's application for reconsideration, which is, *in toto*:

> What the court calls "facts" in its Memorandum and Order are
> based on perjurious and word for word plagiarized affidavits by

> defendant Anne Luzzi and false statements. No summary
> judgment should have been granted.

Plaintiff's April 13, 2009 Letter Application at 1.

Such assertions of wrongdoing, absent any details as to the basis for the proffered conclusion, falls far short of meeting the strict standard for reconsideration. And beyond that, no claim is made that this information is newly discovered and thus could not have been presented in Plaintiff's initial opposition to Defendants' summary judgment motion. In fact, the situation is just the opposite as evidenced by the appearance of the same unsubstantiated conclusory claims in Plaintiff's earlier papers. Reconsideration is not a vehicle for an unsuccessful litigant to simply rehash an argument previously rejected. Not only has plaintiff failed to advance new or purportedly overlooked facts, he has not suggested an intervening change in law, overlooked or misapplied precedent, or another ground which would justify granting his motion for reconsideration. Accordingly, that motion is denied.

## II.   The Rule 60 Motion is Denied

Rule 60(b) of the Federal Rule of Civil Procedure provides::

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>       (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Because Rule 60(b) 'allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.'" *Tyson v. City of New York*, 81 Fed. Appx. 398, 400 (2d Cir. 2003) (summary order)(quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

As Plaintiff's application contains allegations of fraud and misconduct by defendants and the Court, it is apparent he is seeking relief under Rule 60(b)(3) as to the Defendants, and possibly Rule 60(b)(6) to the extent his allegations implicate the Court. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations . . . ." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Moreover, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).

Here there is no evidence of fraud. Plaintiff's conclusory assertions regarding the allegedly false documents and affidavits submitted on the motion for summary judgment are, as previously noted, mere attempts to relitigate the summary judgment motion and do not provide him with a basis for relief. *See Tyson*, 81 Fed. Appx. at 400. Similarly, Plaintiff's allegations of fraud and docket tampering have no merit and provide no basis for Rule 60(b) relief.

Plaintiff points to a number of items in support of his assertion that the docket sheet in the instant action was tampered with. One item he maintains supports his claim is the Court's March 31, 2009 Order, the text of which provides as follows: "In reviewing the court docket in this matter, it appears that while the opposition papers and reply papers regarding Plaintiff's

motion for leave to serve his Second Amended Complaint were filed via ECF (see Docket no. 102) the actual moving papers were not filed. Inasmuch as Plaintiff is currently proceeding pro se, the Court directs District Defendants to file under cover of letter, a copy of Plaintiff's moving papers that were served upon them." Plaintiff's complaint regarding this Order is three-fold: the Court directed Defendants, not him, to file the missing papers on the motion to amend; the Court did not specify exactly what was missing; and there was no document number or document attached to the Order reflected on the docket. In the Court's view, the subject Order was appropriate in view of the fact that while Plaintiff filed the motion by his counsel, he was proceeding pro se at the time the error was discovered and it appeared to the Court that it would be more expeditious to request the papers from Defendants via their counsel. Moreover, the Court identified that it was Plaintiff's "moving papers" which where not filed; given that the Court did not have a copy of the moving papers as served, no further specificity was possible. Finally, the Order at issue was an electronic order, i.e. an order electronically entered directly on the docket sheet by the Court without any separate attached document. As a matter of practice in this District such electronic orders are not given a separate docket number.

Plaintiff also complains that his "bounce" (i.e. the notice of electronic filing) for the Court's March 31, 2009 Memorandum and Order did not state that it was entered on April 3, 2009. He is mistaken. The bounce submitted by Plaintiff, attached as exhibit 3 to his April 13, 2009 letter application, explicitly states: "The following transaction was entered on April 3, 2009 at 11:10 AM EDT and filed on March 31, 2009." Plaintiff's claim that the Court's decision was "fraudulently inserted" has no basis as the Docket sheet clearly reflects that March 31, 20009 Memorandum and Order was not entered on the docket sheet until April 3, 2009.

Nor does the difference between the filed and entered dates of the Court's decision affect any rights to appeal or reconsideration or otherwise impair Plaintiff's ability "to fully and fairly present[] his case." *State Street Bank & Trust*, 374 F.3d at 176. For example, pursuant to Local Rule 6.3, motions for reconsideration must be served within ten days after "**the entry** of the court's determination of the original motion, **or in the case of a court order resulting in a judgment, within ten (10) days after the entry of judgment.**" Local Rules of the U.S. Dist, Courts for the Southern and Eastern Dists. of New York, Rule 6.2 (emphasis in original). Similarly, motions pursuant to Rule 60 of the Federal Rules of Civil Procedure must be made "no more that a year after the **entry** of the judgment or order . . . ." Fed. R. Civ. P. 60(c) (emphasis added). *See also* Fed. R. App. P. 4(a) (requiring that a notice of appeal in a civil case must be filed within 30 day after the judgment or order appealed from is **entered).**

Moreover, having examined Plaintiff's application vis a vis the other grounds for relief set forth in Rule 60(b), the Court concludes Plaintiff is not entitled to relief under any of the provisions of Rule 60(b).

**III. The Motion for Recusal is Denied**

Recusal is governed by 28 U.S.C. § 455 which provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer

> concerning the matter, or the judge or such lawyer has been
> a material witness concerning it;
> (3) Where he has served in governmental employment and
> in such capacity participated as counsel, adviser or material
> witness concerning the proceeding or expressed an opinion
> concerning the merits of the particular case in controversy;
> (4) He knows that he, individually or as a fiduciary, or his
> spouse or minor child residing in his household, has a
> financial interest in the subject matter in controversy or in a
> party to the proceeding, or any other interest that could be
> substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of
> relationship to either of them, or the spouse of such a
> person:
> (i) Is a party to the proceeding, or an officer, director, or
> trustee of a party;
> (ii) Is acting as a lawyer in the proceeding;
> (iii) Is known by the judge to have an interest that could be
> substantially affected by the outcome of the proceeding;
> (iv) Is to the judge's knowledge likely to be a material
> witness in the proceeding.

28 U.S.C. § 455.

"The decision whether a judge's impartiality can 'reasonably be questioned' is one made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913, 914 (2004) (Scalia, J., respecting recusal). Here, Plaintiff has not pointed to any facts whereby the Court's impartiality can reasonably be questioned. With respect to the Court's Order of January 16, 2009, which directed the Clerk of Court to strike from the docket the January 15, 2009 letter motion filed by Ruth M. Pollack, Esq. and to terminate Ruth M. Pollack's appearance as counsel for plaintiffs, said Order was required because Ruth M. Pollack, Esq. was suspended from the practice of law before the Courts of this District for two years commencing January 1, 2009. Said suspension was Ordered by the Committee on Grievances for the Eastern District of New York as a result of Ms. Pollack's

conduct in the matter of *Stuart v. Sec'y of the Interior*, Civil Action No. 99-8163 and *Schultz v. Tribune Co.*, Civil Action No. 06-4800, cases over which this Court did not preside.

The motion for recusal is denied.

## Conclusion

Plaintiff's letter application dated April 13, 2009 is denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
      May 7, 2009  Denis R. Hurley
                                                 United States Senior District Judge