```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN CHESNEY and LORRAINE CHESNEY,

                    Plaintiffs,
                                                    MEMORANDUM & ORDER
       - against -                                  05 Civ. 5106 (DRH) (ETB)

VALLEY STREAM UNION FREE SCHOOL
DISTRICT NO. 24; VALLEY STREAM UNION
FREE SCHOOL DISTRICT NO. 24 BOARD OF
EDUCATION; JOSEPH CONRAD, President;
CAROLE MEANEY, Vice President;
HENRIETTA CARBONARO, PAUL DePACE,
ANTHONY IADEVAIO, FRANK NUARA,
and LAWRENCE TROGEL; each in his individual
and official capacity; EDWARD M. FALE, Ph.D.,
SUPERINTENDENT OF SCHOOLS, in his
 individual and official capacity; LISA K.
CONTE, PRINCIPAL; CHARLES
BROCEAUR, MAINTENANCE
SUPERVISOR, in his individual and official
capacity; STEPHEN HARAMIS, CUSTODIAN
AND UNION REPRESENTATIVE, in his
individual and official capacity; LOCAL 74
SEIU; "JOHN DOES and JANE DOES A through
D", the latter being persons and/or entities
unknown to complainant, and the NASSAU
COUNTY DIVISION of the CIVIL SERVICE
COMMISSION OF NEW YORK STATE,

                    Defendants.
----------------------------------X
```

**APPEARANCES:**

**Kevin G. Chesney and Lorraine Chesney**
Plaintiffs Pro Se
31 Ivy Place
Valley Stream, NY 11581

**Sokoloff Stern LLP**
Attorneys for Defendants Valley Stream Union Free Sch. Dist. No. 24, Valley Stream Union Free School Dist. No. 24 Board of Education, Joseph Conrad, Carole Meaney, Henrieta Carbonaro, Paul Depace, Anthony Iadevaio, Frank Nuara, Lawrence Trogel, Edward M. Fale, Lisa K. Conte, Charles Broceaur and Stephen Haramis
355 Post Avenue, Suite 201
Westbury, New York 11590
By: Steven C. Stern, Esq.

**Lamb & Barnosky, LLP**
Attorneys for Defendants Valley Stream Union Free Sch. Dist. No. 24, Valley Stream Union Free School Dist. No. 24 Board of Education, Joseph Conrad, Carole Meaney, Henrieta Carbonaro, Paul Depace, Anthony Iadevaio, Frank Nuara, Lawrence Trogel, Edward M. Fale, Lisa K. Conte, Charles Broceaur and Stephen Haramis
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747
By: Michelle S. Feldman, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is Plaintiff Kevin Chesney's ("Plaintiff")[1] application dated May 16, 2009 and filed May 17, 2009 (Docket No. 138). In that application, Plaintiff seeks reconsideration of the Court's Memoranda and Orders, dated May 7, 2009 (Dkt No. 135) and May 14, 2009 (Dkt. No. 136) and vacatur of the Judgment entered on May 15, 2009 (Dkt. No. 137). In the May 7, 2009 Memorandum and Order, the Court denied Plaintiff's applications for (a) reconsideration of the Court's Memorandum & Order dated March 31, 2009 and (b) the Court's recusal and the vacatur of all orders under Federal Rule of Civil Procedure 60. In the

---

[1] Although named as a plaintiff, Lorraine Chesney, Plaintiff's wife, asserted no claims and sought no relief in either the original or amended complaint. She was not named as a plaintiff in the Proposed Second Amended Complaint submitted in connection with Plaintiff's motion to amend. Although she did not join in the initial application presently before the Court, her signature appears after Kevin Chesney's on Plaintiff's reply papers. (*See* Dkt. 143-2 at 4.)

May 14, 2009 Memorandum and Order the Court denied Plaintiff's motion for leave to file his Second Amended Complaint.

**Procedural Background**

Kevin Chesney and Lorraine Chesney brought the present suit against Valley Stream Union Free School District No. 24 (the "District"); Valley Stream Union Free School District No. 24 Board of Education; Joseph Conrad; Carole Meaney; Henrietta Carbonaro; Paul DePace; Anthony Iadevaio; Frank Nuara; Lawrence Trogel; Edward M. Fale; Lisa K. Conte; Charles Broceaur; Stephen Haramis (hereinafter, collectively, "District Defendants"); Local 74 Service Employee International Union ("Local 74"); "John Does and Janes Does A through D"; and the Nassau County Civil Service Commission (the "Commission") in the Supreme Court of the State of New York County of Nassau alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166; the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12131 *et seq*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1983 and 1985; the Equal Protection clause of the Fourteenth Amendment; the "Eighth Amendment right to confront his accusers"; and six state law claims. The action was removed to this Court in November 2005.

Subsequent to the removal of the action from state court, the District Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b) (4), (5), and (6). Defendant Local 74 moved separately to dismiss the Amended Complaint pursuant to Rule 12(c).

By Memorandum and Order dated September 22, 2006, the Court (1) dismissed all claims against Defendant Local 74 and (2) granted the District Defendants' motion to dismiss the claims against them with the exception of Plaintiff's COBRA claim.

Thereafter, the Commission moved to dismiss the Amended Complaint as to the claims asserted against it. By Memorandum and Order dated April 30, 2007, the Commission's motion was granted.

As a result of the two decisions set forth above, the lone surviving claim was Plaintiff's COBRA claim against District Defendants.

On October 29, 2006, Plaintiff moved for an extension of time until November 8, 2006 to move for reconsideration of the Court's September 22, 2006 Memorandum & Order. The application was granted. No motion for reconsideration was filed. Rather, on November 12, 2006, Plaintiff's counsel filed an "affirmation of actual engagement." In that affirmation, counsel stated she would be on trial and therefore unavailable to move to amend the complaint, move for reconsideration, or to proceed with discovery in this case "until further notice" and requested that "all activity' in this case be temporarily stayed pending counsel's availability. On November 13, 2006 the Court denied a further extension of time to move for reconsideration and denied the request for a stay of these proceedings.

By application dated February 13, 2008, Plaintiff sought permission to file a motion for leave to serve his proposed Second Amended Complaint. The Court addressed that application in an Order dated April 2, 2008 ( the "2008 Order"). In its Order the Court noted that, in fact, the application sought two forms of relief, to wit (1) reconsideration of the September 22, 2006 Memorandum and Order, and (2) leave to amend the complaint to add three new causes of

action. The Court denied the motion for reconsideration as untimely and because Plaintiff could not meet the strict standard for reconsideration. The Court granted Plaintiff leave <u>to make a motion</u> to serve the Proposed Amended Second Complaint with respect to three new causes of action proffered by Plaintiff, to wit (1) "fraud and record tampering;" (2) violations of the "ADA of 1990 and its New York counterpart;" and (3) violations of Section 504 of the Rehabilitation Act of 1973, as amended, and set a briefing schedule therefor. (*See* 2008 Order at 5-6.)

Pursuant to the briefing schedule, as amended, motion papers were filed on August 4, 2008. Thereafter, the Court discovered that Plaintiff's initial moving papers were absent from the motion papers filed electronically on August 4, 2008. Which is to say, only the opposition and reply papers were filed. Pursuant to the Court's direction, the moving papers for Plaintiff's motion were filed by counsel for Defendants on March 31, 2009. At the time of the Court's direction, Plaintiff was proceeding pro se and therefore the Court, by ECF order, directed that the missing moving papers be filed by Defendants. By letter dated April 1, 2009, Plaintiff informed the Court that the papers filed by Defendant were incomplete and provided copies of the documents omitted. (See Docket No. 123.)

By Memorandum and Order dated March 31, 2009 and entered on April 3, 2009, the Court granted the District Defendant's motion for summary judgment on Plaintiff's COBRA claim. However, the Court directed that the Order on the motion for summary judgment not take effect until forty-five days from the date thereof to allow for a decision on the motion to amend.

By Memorandum and Order dated May 7, 2009, the Court denied Plaintiff's application for (a) reconsideration of the Memorandum and Order, dated March 31, 2009; (b) for the Court's

recusal; and (c) the vacatur of all orders pursuant to Rule 60 of the Federal Rules of Civil Procedure.

By Memorandum & Order dated May 14, 2009, the Court denied Plaintiff's motion for leave to serve a second amended complaint on the grounds that the motion to amend was untimely and the proposed amendments were futile. The Court also directed the Clerk of Court to close this case on or after May 15, 2009, the date on which the Court's March 31, 2009 Order granting summary judgment on the COBRA claim became effective.

Familiarity with the Memoranda and Orders noted above is presumed.

## Discussion

**I. The Motion for Reconsideration of the Court's Memorandum and Order, dated May 7, 2009, is Denied**

With respect to the Courts's Memorandum and Order, dated May 7, 2009, Plaintiff asserts the following:

> 5/7/09 M&O: Contrary to the court's claim in its M&O, my wife has always asserted claims for a derivative claim as my wife, and her damages as a result of her loss of medical coverage as a result of the District's illegal termination of our health insurance. Summary judgment should never have been granted in this case without any discovery permitted to me. Every piece of evidence filed in the official court docket with this court by the District was irrefutably fabricated, fraudulent, tampered with and perjurious. This Court cited much law, but completely overlooked this undeniable fact and failed to address it in any of its decisions.

(Dkt No. 138 at ¶ 2.)

Initially, the Court notes that the current application seeks reconsideration of the denial of a motion for reconsideration. As no such procedural vehicle exists, Plaintiff's applications is appropriately denied on that basis alone.

Even if reconsideration were technically available, Plaintiff has to meet the strict requirements for reconsideration. *See Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted); *see also Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Reconsideration is not intended to give a party a second chance to relitigate an issue because a party is dissatisfied with a prior ruling. *Allen v. Costello*, 2008 WL 361191, at *1 (E.D.N.Y. 2008). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

Plaintiff has not presented any factual matters or controlling precedent that was overlooked by the Court either in its initial decision on the motion for summary judgment or its denial of reconsideration or other ground warranting the relief requested. . The application for reconsideration of the Court's Memorandum & Order dated May 7, 2009 is denied.

**II.     The Motion for Reconsideration of the Court's Memorandum
         and Order dated May 14,2009 is Denied**

In his motion for reconsideration of the Court's Memorandum & Order, dated May 14, 2009, Plaintiff argues that his proposed second amended complaint "was filed on February 13,

2008 and granted on April 2, 2008;" "the court denied [him] any discovery and unlawfully relied on the old, false, discovery cut-off (certification) date of October 16, 2007;" "his moving papers were filed on the ECF docket and it is "miraculous" that defense counsel saw the Court's Order entered at 4:10 p.m. and was able to copy and serve an "incomplete copy of the moving papers" within two hours; and "the ADA Amendments Act of 2008 does apply to the decision because it is the law as of the date of this court's decisions in this case." (Dkt. No. 138 at ¶ 3.)

Plaintiff's application fails to satisfy the strict requirement for reconsideration. Even if it were appropriate to grant reconsideration, the Court would adhere to its earlier decision.

Initially, the Court notes that its Order of April 2, 2008 did not grant Plaintiff leave to serve his proposed second amended complaint. Rather that Order granted Plaintiff permission <u>to make a motion</u> for leave to serve the Proposed Second Amended Complaint with respect to three new causes of action proffered by Plaintiff, to wit (1) "fraud and record tampering;" (2) violations of the "ADA of 1990 and its New York counterpart;" and (3) violations of Section 504 of the Rehabilitation Act of 1973, as amended, and set a briefing schedule for that motion. (*See* Order dated April 2, 2008, at 5-6.)

With respect to the Court's alleged denial of discovery, the Court has already addressed this issue. There was no denial of discovery. Rather, Plaintiff failed to take any discovery prior to the discovery cut-off. The Court denied Plaintiff's request to stay these proceeding in its Order dated November 13, 2006. After the denial of the stay, there remained more than eleven months (until October 16, 2007) for Plaintiff to engage in discovery. That Plaintiff failed to take advantage of that eleven month period cannot be laid at the feet of the Court.

Turning to the missing moving papers, the Court has previously addressed this issue as well. While docket entry number 102 is entitled "Motion to File Second Amended Complaint," absent from the papers filed on ECF are Plaintiff's actual moving papers. Accordingly, because at the time the Court discovered the error Plaintiff was proceeding pro se, the Court directed by ECF Order that Defendants file the moving papers served upon them. As the moving papers were not filed on ECF, the Court could not further specify exactly what papers were missing.

Finally, Plaintiff's assertion that "the ADA Amendments Act of 2008 does apply to the decision because it is the law as of the date of this court's decisions in this case" is unsupported by any citation to case law. The Court notes that, while the Second Circuit has not addressed this issue, other circuit and district courts have agreed with this Court's conclusion that the ADA Amendments Act of 2008 does not apply to conduct prior to its effective date. *See, e.g., Schroeder v. Suffolk County Comm.* College, 2009 WL 1748869, at * 6 (E.D.N.Y. June 22, 2009) (citing cases); *White v. Sear Roebuck & Co.*, 2009 WL 1140434, at *5 (E.D.N.Y. Apr. 27, 2009) (citing cases).

### III. The Motion for Relief from the Judgment Filed May 15, 2009 is Denied

Plaintiff seeks relief from the judgment entered, arguing that it was "filed prematurely on May 15, 2009 as it closed [his] case before [his] ten business days to make this application part of the record expired, as counted from the May 14, 2009 M&O." (Dkt. No. 138 ¶ 5.) This argument is without merit.

First, the Court notes that Rule 58(b) of the Federal Rules of Civil Procedure requires the Clerk of Court to "*promptly* prepare, sign, and enter judgment when", inter alia, "the court denies

all relief." Fed. R. Civ. P. 58(b) (emphasis added). Rule 58, which governs the entry of judgments, does not require the Clerk of Court to wait ten days, or any other period of time, before entering judgment when all relief is denied. As of May 15, 2009, this Court had denied all relief to Plaintiff within the meaning of Rule 58. The judgment entered on May 15, 2009 was therefore not premature. In addition, the entry of judgment does not preclude a motion for reconsideration. Indeed, the entry of judgment, while closing the case, does not preclude the filing of additional applications or documents whether in the nature of a motion for reconsideration, a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, a notice of appeal, or otherwise.

## Conclusion

Having considered all of Plaintiff's arguments, the application dated May 16, 2009 (Docket No. 138) is denied in its entirety.

**SO ORDERED.**

Dated: Central Islip, N.Y.
October 1, 2009

/s/
Denis R. Hurley
United States Senior District Judge