# MANDATE

E.D.N.Y.-C. Islip
05-cv-5106
Hurley, J.
Boyle, M.J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand ten,

Present:

Jon O. Newman,
John M. Walker, Jr.,
Gerard E. Lynch,
*Circuit Judges.*



Kevin G. Chesney, Lorraine Chesney,

*Plaintiffs-Appellants,*

v.                                                                      09-1824-cv

Valley Stream Union Free School District No. 24,
*et al.,*

*Defendants-Appellees.*

In June 2005, Appellants Kevin and Lorraine Chesney filed suit against the Valley Stream Union Free School District and its Board of Education ("District Defendants"), the Local 74 Service Employees International Union, and the Nassau Country Civil Service Commission, alleging, *inter alia*, violations of the Family and Medical Leave Act, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Americans with Disabilities Act, 42 U.S.C. §§ 1983 and 1985, certain constitutional provisions, and various state laws. With the exception of the COBRA claim, the district court dismissed the complaint in its entirety in September 2006 and April 2007; the COBRA claim was dismissed in March 2009, when the court granted the District Defendants' motion for summary judgment, on the basis that Appellant Kevin Chesney had been notified, following his termination from the School District's employ, of his rights to continued health coverage under COBRA.

Appellants now seek, through counsel, to appeal from the district court orders: (1) dismissing under Rule 12 of the Federal Rules of Civil Procedure their claims against Local 74, the Commission, and the District Defendants, except for the COBRA claim; (2) granting summary judgment as to the COBRA claim; (3) denying Appellants' motion to file a second amended complaint, in which Appellants alleged, *inter alia*, "fraud and record tampering" by District Defendants; (4) denying Appellants' motions for reconsideration of all of the preceding orders; and (5) terminating Appellants' counsel, Ruth Pollack, as counsel of record in January 2009, following her suspension by the Eastern District of New York from the practice of law for a period of two years.

Upon due consideration, it is hereby ORDERED that this appeal is DISMISSED in its entirety. *See Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (this Court "has inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous when [it] presents no arguably meritorious issue for our consideration"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As an initial matter, Appellants failed to file an appeal brief, as this Court instructed them to do in January 2010. *See* U.S.C.A. Dkt. No. 09-1824-cv at 1/8/2010 Entry. Although Appellants argue that a brief cannot be filed due to missing or altered documents, this Court has confirmed that the electronic record on appeal is complete and, in any event, Appellants were instructed to include any issues concerning the state of the record in their brief. They have not done so.

While the appeal could be dismissed on this ground alone, we also review the merits and find that there is no part of the Appellants' appeal, or their charges of docket tampering, that have an arguable basis in law or fact. Rather, all of the Appellants' claims were properly dismissed by the district court, and Appellants have made no showing that any record tampering occurred, or that any docketed documents have been destroyed or otherwise altered. Indeed, a review of the electronic docket shows that the district record is available in its entirety on PACER and that it is in all respects regular. In any event, most, if not all, of the issues on appeal can be decided without reference to the allegedly altered documents. The motion to file a second amended complaint, premised as it was on the same meritless claims of tampering and conspiracy that Appellants have raised here, was also properly denied. For these same reasons, the district court's denial of the Appellants' motion for reconsideration did not constitute an abuse of discretion. Finally, to the extent Appellants contest their *pro se* status in the district court, Pollack's representation was properly terminated by the district court, pursuant to the December 2008 order of the Eastern District of New York's Grievance Committee, which suspended her for a period of two years.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

Catherine O'Hagan Wolfe